**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGEL MARTINEZ,<br><br>                Plaintiff,<br><br>    v.<br><br>JOHN CUZZUPE,<br><br>                Defendant. | Civil Action No. 24-7797 (KMW) (MJS)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis*. (ECF No. 3.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim for which relief may be granted.

**I.**     **BACKGROUND**

Plaintiff is a state pretrial detainee currently jailed in the Salem County Correctional Facility. (ECF No. 1 at 2-3.) Defendant John Cuzzupe is the warden of that facility. (*Id.* at 4.) In

his complaint, Plaintiff alleges that he reported to guards that another inmate had been sexually threatening him and had attempted to grope him, but this complaint was initially "ignored". (*Id.* at 5-6.) When the staff to which Plaintiff reported these incidents did not intervene, Plaintiff alleges this other inmate attempted to assault him, at which point Plaintiff physically defended himself. (*Id.*) For this defense, Plaintiff was moved into punitive housing, which he alleges was in retaliation for either making the initial report or for defending himself. (*Id.*) Plaintiff thus seeks to raise claims under § 1983 against Defendant Cuzzupe for his employee's failure to either respond to Plaintiff's complaint or for their alleged retaliation against him. (*Id.*) Plaintiff alleges no facts connecting Cuzzupe to the events he alleges, and instead appears to rely entirely on a *respondeat superior* theory of supervisory liability for his claims.

## II.    LEGAL STANDARD

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual

allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   DISCUSSION

In this matter, Plaintiff seeks to raise the following civil rights claims against the warden of the jail in which he is detained for alleged violations of his rights by that warden's subordinates. Plaintiff, however, alleges no facts directly connecting Defendant to these events save for the fact that he is the jail's warden and therefore the supervisor of the involved officers. A defendant in a civil rights action, however, may not be held liable for the actions of his employees or subordinates on a *respondeat superior* basis, and must instead have personal involvement in the alleged wrongs

3

to be held liable. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Personal involvement requires allegations of a defendant's specific involvement in the incidents alleged, or allegations which would show that the events could be imputed to the defendant based on his directing others to perform the deeds in question, his actual knowledge and acquiescence in the alleged wrong, or facts indicating that the defendant created a policy or practice which was the moving force behind the violation. *Chavarriaga*, 806 F.3d at 222. As Plaintiff's complaint contains no allegations suggesting Defendant Cuzzupe's direct involvement in the alleged wrongs, and instead appears to rely entirely on an improper *respondeat superior* basis of liability, Plaintiff fails to state a plausible claim for relief against the sole named Defendant and his complaint must be dismissed without prejudice for failure to state a claim for which relief may be granted.

Although the lack of personal involvement in the alleged wrongs is sufficient to warrant the dismissal of Plaintiff's complaint at this time, the Court notes that Plaintiff's allegations suffer from additional deficiencies. First, at least some of Plaintiff's claims appear to be premised on the failure of jail officers to respond to Plaintiff's complaint under PREA, the Prison Rape Elimination Act. PREA, however, did not establish a private right of action, *Walsh v. N.J. Dep't of Corr.*, No. 17-2442, 2017 WL 3835666, at *4 (D.N.J. Aug. 31, 2017), and PREA will therefore neither provide a basis for a standalone claim nor permit the "bootstrapping" of an alleged PREA violation into a § 1983 claim. *See Bowens v. Wetzel*, 674 F. App'x 133, 137 (3d Cir. 2017).

The remainder of Plaintiff's claims appear to be claims for First Amendment retaliation. "In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296

4

(3d Cir. 2006). Although the Court accepts that a PREA complaint would fall within the bounds of constitutionally protected conduct as it does involve an invocation of a plaintiff's first amendment right both to free speech and petition for redress, and a placement in sufficiently punitive housing without just reason may well be sufficiently retaliatory to support such a claim, Plaintiff's claims do not appear to allege that he filed a complaint, and was punished for the filing of the complaint. Instead, Plaintiff appears to plead that he was only sent to punitive housing *after* he allegedly defended himself physically from an attack by another inmate, and that the placement in punitive housing was the result of his using physical force on another while doing so. Thus, Plaintiff's complaint does not allege sufficient facts to show that the alleged retaliatory action was causally connected to his filing a PREA complaint – instead it was the result of fighting the other inmate. Thus, Plaintiff would still fail to state a claim for retaliation even had he named a directly involved Defendant.

## IV.   CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 3) shall be **GRANTED**, and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge